IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John E. Werner,                                          Case No. 3:07CV02430

        Plaintiff,

   v.                                                     ORDER

Primax Recoveries, Inc.,

        Defendant.

      This is a case about insurance benefits. Plaintiff John Werner, a beneficiary of an employer-provided health care plan [Plan], brought suit against defendant Primax Recoveries, Inc. [Primax], the assignee of the Plan's subrogation rights. Werner raised claims for breach of contract, conversion and damages based on Primax's allegedly wrongful appropriation of funds directly from the medical payments portion of Werner's motor vehicle insurance with Progressive Preferred Insurance Company [Progressive]. Defendant Primax brought a motion for summary judgment, which I granted on August 18, 2008. I held that Werner's claims were moot and/or preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. [ERISA]. *Werner v. Primax Recoveries, Inc.*, 2008 WL 4159431 (N.D. Ohio). Werner now brings a Fed. R. Civ. P. 59(a) motion to alter or amend my prior ruling in this case. Jurisdiction exists under the Class Action

1

Fairness Act of 2005, Public Law 109-2, 28 U.S.C. §§ 1332(d), 1453 and 1711-1715. For the reasons that follow, Werner's motion is denied.

### Background

Werner had a health insurance plan with Medical Mutual of Ohio [MMO] through his employer. Werner also had his own automobile insurance policy with Progressive. His Progressive policy provided up to $5,000 in medical payment [med-pay] benefits for charges incurred within three years of an accident.

On June 28, 2002, Werner alleges that Richard Siebert struck Werner's vehicle. Werner submitted bills totaling $5,742.16 to the Plan's administrators, which, through MMO, paid the providers. MMO assigned to Primax its right under the Plan to recover from third parties for those payments. Primax thus had the right to assert MMO's subrogation claim against third parties.

Werner also submitted $1,105 in medical bills directly to Progressive. Progressive paid those bills to Werner's providers under the med-pay provision of its policy with Werner.

In December, 2002, Werner hired his present attorney, C. Michael Piacentino, to represent him "in the management of [his] personal injury claim." [Doc. 32, Ex. 1, ¶ 16]. Responding to a January 28, 2003 letter from a Progressive representative, Jody Balko, enquiring whether he would submit additional bills, Piacentino, on February 3, 2003, responded affirmatively.

On April 28, 2003, Primax notified Progressive that the Plan's administrators had assigned to it their right to reimbursement for medical payments made by MMO. As assignee, Primax was asserting a lien over Werner's remaining med-pay benefits.

Balko tried to contact Piacentino on June 20, 2003, only to learn that his phone was out of service. She then called Werner to get contact information for Piacentino. Werner, according to

2

Balko, explained that he was getting collection notices and did not understand why Piacentino had not been submitting the bills to Progressive.

Balko sent two more letters to Piacentino on the same day. She asked him to let her know if he would submit more bills; if so, to forward such bills, and to contact her at his earliest convenience. If she received no letters within fourteen days, Balko wrote, she would close her file.

Piacentino did not respond to Balko. Neither he nor Werner submitted additional bills for med-pay reimbursement. On August 22, 2003, more than two months after Balko's unanswered letters to Piacentino, Progressive sent Primax a check for $ 3,895, the balance remaining under the med-pay provision of the Progressive policy.

Two days earlier, on August 20, 2003, Fostoria Hospital and New Century Physicians sued Werner in Tiffin Municipal Court. After Werner told Piacentino about the suit, Piacentino contacted Balko on September 25, 2003, demanding that Progressive retrieve from Primax the balance of the med-pay account. Progressive refused to do so.

On June 21, 2004, Piacentino sued Siebert and joined Progressive. On January 28, 2005, Progressive sent a check to Piacentino for the $3,895 that it had paid to Primax. Piacentino refused to accept the check unless Progressive agreed that doing so would not prejudice Werner's right to seek compensatory damages allegedly flowing from Progressive's earlier payment to Primax. Progressive rejected that condition. On December 1, 2005, Primax returned the $3,895 to Progressive.

On August 9, 2007, Werner brought suit against Primax Recoveries, raising claims for breach of contract, conversion and consequential damages. He also sought various forms of equitable relief under ERISA. Primax submitted a summary judgment motion in response to Werner's claims,

3

positing that 1) Werner's suit was moot in light of Primax's proffer of $3,895 to Progressive; and 2) that ERISA preempted Werner's state law claims. I granted Primax's summary judgment motion, finding Werner's claim for prejudgment interest moot, and his claim for attorney fees preempted by ERISA. *Werner, supra*, 2008 WL 4159431.

Werner's pending Rule 59(a) motion asserts that I overlooked his ERISA equity-based claims. He also claims entitlement to interest on money appropriated by Primax, and seeks attorney fees under ERISA.

Primax rejects these claims, arguing that since Werner never made a claim for benefits against his ERISA plan, he cannot recover under 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3), and he has no substantive claim under ERISA. Primax also states that Werner has no claim for interest under ERISA because interest is not a benefit under ERISA unless a plan expressly provides for payment of interest as a benefit, and Werner's plan includes no such provision. Since Werner cannot successfully set forth an ERISA claim, Primax contends that Werner is not entitled to attorney fees under ERISA. Finally, Primax asserts that Werner cannot serve as a representative plaintiff for a putative class because he has no substantive claim.

## Standard of Review

Werner brings this motion to alter or amend my prior judgment under Rule 59(a). Rule 59(a), however, governs motions for new trials. Since there was no trial in this case, I assume that Werner means to bring his motion to alter or amend my prior judgment under Rule 59(e). Three situations justify altering or amending a judgment under Rule 59(e): "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A party must file

a Rule 59(e) motion within ten days of the court issuing its judgment. *Id*. at 611; Fed. R. Civ. P. 59(e).

## Discussion

### 1. Werner's ERISA-Based Claims for Equitable Relief

Werner alleges several errors of law. First, Werner alleges that I overlooked his claims for equitable relief under ERISA, brought under 29 U.S.C. § 1132(a)(3). Werner seeks a court order directing Primax to abide by and enforce the provisions of Werner's employer-based health care plan, especially the subrogation agreement. He requests a declaratory judgment stating that Primax's actions involving the appropriation of his Progressive med-pay funds are illegal. He also seeks a permanent injunction against Primax that would prohibit Primax from taking med-pay funds in the manner shown in this case, and a constructive trust or an equitable lien on the funds taken by Primax, as concerns Werner and other putative class members.

I decline to grant Werner's request for equitable relief under ERISA. Werner has no substantive ERISA claim. He never filed claims against Progressive or MMO for payment of the bills owed to the two providers who sued him. No benefits due Werner under an ERISA plan were withheld from him. Moreover, as I previously held, Werner's claims are moot. *Werner, supra,* 2008 WL 4159431.

Werner's request for a court order directing Primax to abide by the terms of its subrogation agreement is moot. No live case or controversy exists to warrant such relief since Primax returned the entire amount of funds appropriated under the subrogation agreement.

Werner lacks standing to obtain a declaratory judgment that Primax's appropriation of the med-pay funds was illegal since he has not alleged and cannot demonstrate actual present harm or

the significant possibility of future harm. *See, e.g., Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or a significant possibility of future harm.").

Similarly, to have standing for injunctive relief, Werner must show that he will be subjected to Primax's allegedly wrongful actions in the future. Werner, however, has not made such a showing. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (no valid claim for injunctive relief lies where plaintiff cannot reasonably show that he will be subjected to the alleged illegality in the future). Primax returned the funds that it held. In addition, as Primax notes, Progressive offered Werner the limits of coverage available under his policy, thereby exhausting his coverage. Werner therefore cannot maintain that he is likely to be subjected to wrongful appropriation in the future.    Finally, Werner's claim for a constructive trust or equitable lien on money taken by Primax is moot. Since Primax returned the money, no res exists on which to assert a constructive trust or equitable lien.

### 2. Werner's Claim for Prejudgment Interest

Werner seeks interest on the money Primax took from his med-pay funds for the entire period that Primax held this money. Werner bases his claim on Ohio state law, explaining that in his initial complaint counsel may have mistakenly labeled his claim as one for prejudgment interest in the context of tort cases. Werner now argues that his claim is one for interest allowable by statute in the context of contract cases.[1]

---

[1] I can and do overrule this aspect of Werner's Rule 59 motion on the basis that a party cannot use Rule 59 to advance arguments he could have made in responding to the original motion for summary judgment. *See, e.g., DH ex rel. Horen v. Board of Educ. of Toledo City*

Werner asserts his entitlement to interest under O.R.C. § 1343.03(A). This section provides,

> In cases other than those provided for in sections 1343.01 and 1343.02, of the Revised Code, when money becomes due and payable upon any instrument of writing ...the creditor is entitled to interest at the rate per annum determined pursuant to section 5303.47 of the Revised Code, unless a written contract provides a different rate of interest...Notification of the interest rate per annum shall be provided pursuant to sections...5703.47 of the Revised Code.

Werner's state law claim for prejudgment interest is preempted by ERISA. As I previously held, Werner's employer-sponsored health care plan which included the subrogation agreement is unquestionably an ERISA plan. *Werner, supra*, 2008 WL 4159431. ERISA provides its own remedies for violation of a covered plan, and preempts state law claims for recovery. 29 U.S.C. § 1144(a). *See, e.g.*, *Zuniga v. Blue Cross and Blue Shield*, 52 F.3d 1395, 1401 (6th Cir. 1995) ("ERISA preempts state law claims that relate to any employee benefit plan. . . . Congress used the words 'relate to' in their broad sense. . . . [and] State law was defined using equally broad language, to include all laws, decisions, rules, regulations or other State action having the effect of law.").

Here, Werner's claim for interest on med-pay funds rests on his contention that Primax violated the subrogation provision of his ERISA plan. Case law is clear that ERISA preempts claims involving disputes about subrogation provisions in ERISA plans. *See, e.g., Greenwood Mills, Inc. v. Burris*, 130 F. Supp. 2d 949, 964 (M.D. Tenn. 2001) (holding that because plaintiff-subrogor's "state law claims of conversion, unlawful procurement of breach of contract and tortious interference with contract are clearly related to the Plan," ERISA preempted them.), *see also Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3rd Cir. 2005) (holding that ERISA preempted

_____

*School Dist.*, 2008 WL 4457897 (N.D. Ohio). Nonetheless, in an effort to bring this dispute to a conclusion, I address the merits of Werner's newly-made assertions, albeit as dictum.

7

beneficiaries' claims against their health care insurers to recover amounts paid to those insurers under the plan's reimbursement and subrogation clauses).

Werner, in his reply brief, shifts ground as to his interest claim, insisting that his claim for interest is actually a matter of federal common law, and therefore not preempted by ERISA. Regardless of the theory behind Werner's claim for interest, Werner's claim for interest under ERISA fails.

Under 29 U.S.C. § 1132(a)(1)(B), Werner is not entitled to interest on delayed benefits unless his ERISA plan includes an express provision authorizing the payment of interest as a plan benefit. Werner's ERISA plan, however, does not include such a provision. Werner, therefore, cannot recover interest. *See, e.g., Flint v. ABB, Inc.*, 337 F.3d 1326, 1329-30 (11th Cir. 2003) (plaintiff could not prevail on a 29 U.S.C. 1132(a)(1)(B) action where interest on delayed benefits did not constitute "benefits under the terms of the plan")*; Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 497 (7th Cir. 1999) (same).

### 3. Werner's Claim for Attorney Fees

Werner brings his claim for attorney fees under ERISA, 29 U.S.C. § 1132(g)(1). According to § 1132(g)(1), district courts have discretion to grant attorney fees. The Sixth Circuit, in *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008), calls for consideration of the following factors in determining whether to award attorney fees in ERISA cases:

(1) the degree of the opposing party's culpability or bad faith;

(2) the opposing party's ability to satisfy an award of attorney's fees;

(3) the deterrent effect of an award on other persons under similar circumstances;

8

(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and

(5) the relative merits of the parties' positions.

For purposes of the present motion, I do not need to analyze each factor. Since Werner does not prevail on any ERISA claim, he is not entitled to an award of attorney fees under ERISA and he is incapable of acting as a class representative; I therefore decline to certify any class.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT plaintiff John E. Werner's motion to alter and amend my prior judgment [Doc. 47] be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

9
